IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

JEREMIE BROOKS                                              PLAINTIFF
ADC #660149

v.                          3:20-CV-385-DPM-ERE

KEVIN MOLDER, Sheriff,
Poinsett County Detention Facility;
TRISH MARSHALL, Administrator; DOYLE
RAMEY, Jail Supervisor; SUSAN COX,
Nurse; REGINA HINDMAN                                       DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Chief Judge D. P. Marshall Jr. Any objections filed must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Marshall may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

**I.     Introduction**

Plaintiff Jeremie Brooks filed this § 1983 action against Defendants Susan Cox, Regina Hindman, Trish Marshall, Kevin Molder, and Doyle Ramey ("Defendants"), contending they denied him adequate medical care.

1

Defendants have filed a motion for summary judgment, brief in support, and statement of undisputed material facts. *Docs. 26, 27.* Brooks failed to file a response, and the time to do so has passed. *Doc. 29.*

For the reasons explained below, the Court recommends that Defendants' motion for summary judgment be granted and all of Brooks' claims be dismissed, with prejudice.

**II.    Undisputed Facts**

Before addressing the merits of Defendants' motion for summary judgment,[1] the Court will summarize the relevant facts, all of which are now deemed admitted.[2]

1.    On August 29, 2020, Brooks was arrested on a warrant issued by the

---

[1] Summary judgment is appropriate when the record, viewed in a light most favorable to the nonmoving party, demonstrates that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. See FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 249-50 (1986). The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *Celotex,* 477 U.S. at 323. Thereafter, the nonmoving party must present specific facts demonstrating that there is a material dispute for trial. See FED R. CIV. P. 56(c); *Torgerson v. City of Rochester,* 643 F.3d 1031, 1042 (8th Cir. 2011).

[2] The Court directed Brooks to file a separate statement of disputed facts addressing each factual statement he disagreed with in Defendant's statement of undisputed facts. *Doc. 29.* Brooks failed to do so.
Pursuant to Local Rule 56.1 of the Local Rules for the Eastern and Western Districts of Arkansas, "[a]ll material facts set forth in the statement filed by" Defendants are deemed admitted. See also *Jackson v. Ark. Dep't of Educ., Vocational & Technical Educ. Div.*, 272 F.3d 1020, 1027 (8th Cir. 2001), *cert. denied*, 536 U.S. 908 (2002) (citing Arkansas Local Rule 56.1(c) in concluding that the plaintiff "forfeited her ability to contest the facts presented" by defendant by failing to respond to the defendant's motion for summary judgment).

Arkansas State Parole Board and detained in the Poinsett County Detention Facility ("PCDF").³ *Doc. 27-1*, Affidavit of Patricia Marshall ("Marshall Aff.") at ¶¶ 2, 6, *and Exh. A1 at 2*.

    2.    On September 22, 2020, Brooks completed a general request "to go to the health department . . . to get tested." Defendant Marshall directed him to fill out a medical request. Brooks was concerned that he had a sexually transmitted disease ("STD"). *Doc. 27-1 at 38*.; *Doc. 5 at 1* (Amend. Complaint).

    3.    On September 25, 2020, Brooks completed a second general request stating: "Mrs. Trish [I] wrote the medical request forms [I] need to go to the doctor am [I] going? [I']m hurting[.]" *Doc. 27-1 at p. 39*. In response, Defendant Hindman advised him an appointment had been made. *Id*.

    4.    On September 25, 2020, Defendant Susan Cox,⁴ a nurse, asked jail administration to schedule an appointment for Brooks at the Poinsett County Health Department ("PCHD"). Brooks was scheduled for the earliest available

---

    ³ Thus, while housed in the PCDF, Brooks was a state inmate, rather than a pretrial detainee.

    ⁴ Defendant Susan Cox now goes by the married surname of Duffel. To avoid confusion, the Court will continue to refer to her as Susan Cox.

appointment, which was December 9, 2020. *Doc. 27-1 at* ¶ 9, *Doc. 27-2*, Affidavit of Susan Duffel (f/k/a Susan Cox) ("Cox Affidavit") at ¶ 2.

5.  For security reasons, jail policy prevented Defendants and other jail staff from telling Brooks the exact date his appointment was scheduled. *Doc. 27-1 at* ¶ 9.

6.  On December 9, 2020, Brooks was transported to the PCHD where Dr. Naveen Patil examined him. Brooks requested an "STD evaluation." *Doc. 27-1 at p. 72*. He tested negative for syphilis, HIV, C. trachomatis, and N. gonorrhea. Dr. Patil advised Brooks that if he wanted a genital wart removed, he would need to see a doctor after he was released from prison. *Doc. 27-1 at 72-77, 80*.

## III. Discussion

To proceed to trial on his inadequate medical care claim, Brooks must come forward with evidence that would allow a reasonable fact finder to conclude that: (1) he had an objectively serious need for medical care; and (2) at least one Defendant subjectively knew of, but was deliberately indifferent to, his serious medical need. See *Saylor v. Nebraska,* 812 F.3d 637, 644 (8th Cir. 2016); *Langford v. Norris*, 614 F.3d 445, 460 (8th Cir. 2010). Deliberate indifference, which goes well beyond negligence or gross negligence, "requires proof of a reckless disregard of the known risk." *Moore v. Duffy*, 255 F.3d 543, 545 (8th Cir. 2001).

The determination of whether a medical need is objectively serious is an issue of fact. *Jones v. Minnesota Dept. of Corr.*, 512 F.3d 478, 482 (8th Cir. 2008). However, summary judgment is appropriate if, based upon the undisputed facts, no reasonable jury could find that the prisoner suffered from an objectively serious medical need. *Id.* Neither Brooks' concern that he might have an STD or his wart created an objectively serious need for medical care.

Even if Brooks' concern that he might have an STD created an objectively serious medical need, there is *no evidence* that any Defendant was deliberately indifferent to his need for medical care. When Brooks requested an appointment at the health department, an appointment was promptly scheduled. On the date of the appointment, Brooks was taken to the appointment, where he was examined by a doctor and received the testing he wanted.

To the extent Brooks faults Defendants for not getting him an appointment sooner, he has come forward with *no evidence* to show that: (1) any Defendant did anything to cause the delay; or (2) the delay harmed him. "An inmate who complains that a delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed." *Crowley v. Hedgepeth*, 109 F.3d 500, 502 (8th Cir. 1997); *Olson v. Bloomberg*, 339 F.3d 730, 738 (8th Cir. 2003) (explaining that a

5

delay in obtaining medical treatment must be intentional); *Gibson v. Weber*, 433 F.3d 642, 646-47 (8th Cir. 2006) (explaining that, to avoid summary judgment on a delay in medical care claim, an inmate must place verifying medical evidence in the record to establish the detrimental effect of the alleged delay in medical treatment). Brooks had no condition requiring immediate treatment. Thus, he can't possibly show that having to wait a little over two months to be tested for an STD harmed his medical prognosis.

On this record, there is no evidence from which a reasonable finder of fact could find that Brooks suffered a constitutional violation related to the medical care he was provided to address his concerns that he had an STD.

## IV.   Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' Motion for Summary Judgment *(Doc. 26)* be GRANTED, and Judgment be entered in favor of Defendants Susan Cox, Regina Hindman, Trish Marshall, Kevin Molder, and Doyle Ramey.

2. All claims asserted in Plaintiff Jeremie Brooks' complaint and amended complaint *(Docs. 2, 5)* be DISMISSED, WITH PREJUDICE.

Dated this 20th day of August, 2021.

UNITED STATES MAGISTRATE JUDGE